## THE MAYOR AND COMMON COUNCIL OF NEWARK v CHARLES R. WEEKS.

Submitted June 2, 1903—Decided November 9, 1903.

The Circuit Court of Essex county granted a rule to show cause why an assessment of damages made by the board of assessment should not be set aside, and after hearing testimony the rule was made absolute and the assessment was referred back to the board for revision and correction. Thereupon the city, before the assessment was corrected, sued out a writ of *certiorari* to set aside the order of the Circuit Court in making the rule to show cause absolute. *Held*, that the issuing of the writ was premature; that *certiorari* will not lie until the assessment is revised and confirmed, and then only to correct error in law, if an erroneous principle is adopted in laying the assessment, but not to review the finding of facts.

On *certiorari*.

Before Justices VAN SYCKEL and FORT.

For the city, *Malcolm MacLear*.

For the defendant, *Edward. A. & William T. Day*.

The opinion of the court was delivered by

VAN SYCKEL, J.    By authority of a city ordinance the grade of Mulberry street, in Newark, was changed.

Damages caused by the change were assessed by the board of assessment to Charles R. Weeks, who owned a lot fronting on said street, upon which a building was erected.

When the report of the board of assessment was presented to the Circuit Court of Essex county for confirmation, Weeks objected to confirmation, which was confirmed by said court, and thereupon a rule to show cause why the report should not be set aside as to Weeks was granted by said court.

One of the objections made by Weeks to his assessment was that the board of assessment failed to consider and make allowance for the loss of rent or possession of the building during the work of changing the grade.

Testimony was taken under the rule, upon the coming in of which the Circuit Court held that the board of assessment should have considered the loss of rent in estimating damages.

The rule to show cause was made absolute and the report, so far as it affected Weeks, was referred back to said board for revision and correction. Thereupon the city caused to be certified into the Supreme Court the order of the Circuit Court making the aforesaid rule to show cause absolute. The board of assessment have not as yet proceeded to revise or correct said assessment.

From this statement it is manifest that there is nothing upon which a writ of *certiorari* can operate.

There is simply an opinion of the Circuit Court as to the rule by which damages are to be computed, but whether, under that rule, any allowance is to be made to Weeks, has not been determined. There is as yet no assessment to Weeks, and until an assessment is made to Weeks upon an erroneous principle to the detriment of the city, there is nothing to review by this prerogative writ.

It is well settled that on *certiorari* the confirmation by the Circuit Court of an assessment for benefits or damages will not be reversed upon a question of fact upon the application of parties having notice, and an opportunity to be heard, when there are facts in the record returned to sustain the finding of the court that the assessment violated no legal principle. *Van Wagoner* v. *Paterson,* 38 *Vroom* 455; *Dean* v. *Paterson, Id.* 199; *S. C.,* 39 *Id.* 664.

The writ was prematurely granted and is therefore dismissed, with costs.